UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSICA M. BUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00170 ERW |
| ) | |
| SPECIAL SCHOOL DISTRICT OF ) | |
| ST. LOUIS COUNTY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss or for Summary Judgment on Plaintiff's Petition [doc. #6].

**I.     BACKGROUND**

Jessica M. Bush ("Plaintiff") filed the pending action on January 2, 2008, in the Twenty-Second Judicial Circuit of Missouri, St Louis City. Plaintiff's action alleges employment discrimination and violation of the Family Medical Leave Act. The Special School District of St. Louis County ("Defendant") removed this action, and filed the pending Motion on March 14, 2008. When Plaintiff did not respond to the pending Motion, the Court entered an Order to Show Cause on April 15, 2008. This Order stated "that Plaintiff shall show cause, no later than April 30, 2008, why Defendant's Motion to Dismiss should not be granted. Failure to comply with this order may result in dismissal of this claim."

Plaintiff responded on May 1, 2008, and requested that the Court grant her an extension of time to respond to the Order to Show Cause as her grandfather had recently passed away. Plaintiff requested an extension until May 15, 2008, and the Court granted this request. A review

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of the file shows that Plaintiff has not responded to the Order, filed a request for additional time, or responded to Defendant's Motion.

**II.     LEGAL STANDARD**

Plaintiff's Family Medical Leave Act claim is barred by the statute of limitations, and her employment discrimination claims fail because she did not file a timely charge of discriminatory practices with the Equal Employment Opportunity Commission.  42 U.S.C. § 2000e-5(e)(1).  Defendant has captioned the pending Motion as "Motion to Dismiss or for Summary Judgment on Plaintiff's Petition."  Because Plaintiff's Complaint incorrectly states the date on which her Charge was filed with the Equal Employment Opportunity Commission ("EEOC"), the Court considered matters outside of the pleadings and is construing this Motion as one for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (*quoting* Fed. R. Civ. P. 1).  "By its very terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e)(2). When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis*

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

## III. DISCUSSION

Plaintiff's Complaint alleges employment discrimination and states that Defendant filed "to comply with the Family Leave Act." For the purposes of the pending Motion, the Court will construe Plaintiff's Complaint as bringing a cause of action for both employment discrimination and violations of the Family Medical Leave Act ("FMLA"). The Court will consider each claim separately.

### A. *EMPLOYMENT DISCRIMINATION*

Plaintiff's claim of employment discrimination is time-barred. Title VII provides for a charge of discriminatory practices to be filed with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). A plaintiff's failure to file a timely charge with the EEOC will preclude them from filing a lawsuit under Title VII. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854 (7th Cir. 2005).

Plaintiff's charge with the EEOC was filed on April 28, 2007, and she alleged that the discriminatory acts took place between April 15, 2004 through May 24, 2005.[1] Over 500 days passed between the alleged discrimination and the filing of Plaintiff's charge. Plaintiff's charge was not timely, and this lawsuit is precluded. *Id.* The requirement that a timely charge be filed is

---

[1] The Court notes that Plaintiff's Complaint states that her EEOC charge was filed on April 27, 2005, however, Plaintiff's actual Charge is dated August 28, 2007 and is stamped "RECEIVED" on August 28, 2007. It is obvious that the April 27, 2005 date is in error as Plaintiff's Charge alleges that discrimination took place between April 15, 2004 and May 24, 2005, which falls after the date her complaint lists her Charge as being filed.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

subject to defenses such as waiver, estoppel and equitable tolling, however, Plaintiff has not asserted that any of these exceptions apply, and there is nothing in Plaintiff's complaint to indicate that these exceptions apply. *See Id.* at 860; *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1983). Plaintiff has not responded to Defendant's Motion and has failed to set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). Granting summary judgment is proper because Plaintiff failed to file her Charge with the EEOC within 300 days of the alleged discrimination. *Crawford v. Boone County, MO*, 175 F.3d 1023 (8th Cir. 1999).

### B.  FAMILY MEDICAL LEAVE ACT

Plaintiff's FMLA claim is also time-barred. Plaintiff's only reference to FMLA in her complaint states that Defendant failed "to comply with the Family Leave Act. Doctors statements where [sic] provided to the Employer that substantiated my absence." Plaintiff states that Defendant's discrimination took place from April 15, 2004 through May 24, 2005.

Generally, FMLA claims "may be brought under [Section 2617(c)(2)] not later than two years after the date of the last event constituting the alleged violation for which the action is brought." *Bass v. Potter*, 522 F.3d 1098, 1103 (10th Cir. 2008). Essentially, where an "ordinary" FMLA violation is alleged, "where the plaintiff applied for leave, was entitled to leave, and had her request rejected," a two year statute of limitations applies.[2] *Fialho v. Girl Scouts of Milwaukee Area, Inc.*, 2007 WL 1246433, at *2 (E.D. Wis. April 30, 2007). Plaintiff's Complaint was filed on January 2, 2008, and the FMLA violation she alleges occurred between

---

[2] While a three year statute of limitations exists for willful FMLA violations, Plaintiff has not alleged that Defendant's actions were willful. *See id*; *Hanger v. Lake County*, 390 F.3d 579, 583 (8th Cir. 2004).

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

April 15, 2004 and May 24, 2005, more than two years before this action was filed. Plaintiff has not responded to Defendant's Motion and has failed to set forth specific facts showing that a genuine issue of material fact exists as to whether the statute of limitations has tolled. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). Because her complaint was not filed within two years of the violation she alleges, Plaintiff's FMLA clams are time-barred.

## IV. CONCLUSION

Jessica M. Bush claims under both the FMLA and Title VII are time-barred, and summary judgment is appropriate on her claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or for Summary Judgment on Plaintiff's Petition [doc. #6] is **GRANTED**.

Dated this 9th day of June, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com